# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAVIA WAGNER,**

    **Plaintiff,**

v.                                           Case No: 6:17-cv-1863-Orl-31DCI

**WALTER R. NASON, LISA G. NASON, THOMAS R. NASON, DIANE W. NASON, ALISA M. SIMONEAUX and JASON SIMONEAUX,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss for Lack of Jurisdiction (Doc. 16) filed by Defendants Alisa Simoneaux and Jason Simoneaux (henceforth, the "Movants") and the response in opposition (Doc. 20) filed by the Plaintiff, Tavia Wagner ("Wagner").

### I. Background

The Movants operate the Colonial Room Restaurant (the "Colonial Room") in Sanford.[1] (Doc. 16 at 1). Wagner, the plaintiff in this ADA case, has been required since childhood to use a wheelchair and has limitations on her abilities to walk, stand, grab, grasp, and pinch. (Doc. 1 at 2). She filed the instant suit on October 27, 2017. In her Complaint, she alleges that she visited the Colonial Room on August 31, 2017 and was denied full and equal access due to architectural

---

[1] The remaining Defendants are alleged in the Complaint to be the owners and/or lessors of the property where the Colonial Room Restaurant is located. (Doc. 1 at 2). They have not made an appearance in this case.

barriers such as counters that were too high and a lack of grab bars and proper door hardware in the restroom. (Doc. 1 at 2, 6). On November 28, 2017, the Movants filed an answer in which they denied the factual bases of her allegations, such as that the restroom lacked a rear wall grab bar.

On December 21, 2017, the Movants filed the instant motion, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). They contend that the case has become moot because they have cured all of the deficiencies asserted in the Complaint and because a hired expert had inspected the facility and found that the Restaurant is entirely compliant with the ADA.

**II. Legal Standards**

**A. ADA**

In pertinent part, Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181–12189, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The ADA contains a number of requirements for places of public accommodation, such as restaurants, and a failure to comply with these requirements is often defined as discrimination. The ADA provides that discrimination includes "a failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). If a place of public accommodation is found to violate this provision, a court may issue an injunction requiring the defendant "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). A prevailing plaintiff is not entitled to damages but may recover reasonable attorneys' fees. 42 U.S.C. §§ 12188(a), 2000a–3(b).

### B. Mootness

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." *Troiano v. Supervisor of Elections in Palm Beach County,* 382 F.3d 1276, 1281 (11th Cir. 2004). The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (*per curiam*).

> [A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. … If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.

*Id.* at 1335-36. Stated another way, a case is moot when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" at issue. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

Thus, as a general rule, a case is mooted when the offending behavior ends. However, the doctrine of voluntary cessation provides an important exception to this general rule. *Troiano* at 1282.

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 708, 145 L.Ed.2d 610 (2000) (internal quotation marks, citations, and alterations omitted,

emphasis added).  The "formidable" burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.  *Id*.

In assessing mootness in a voluntary cessation case, the United States Court of Appeals for the Eleventh Circuit has found relevant at least the following three factors:

> (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability.

*Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).

A number of courts have found that ADA architectural-barrier cases warrant different consideration than other types of voluntary cessation cases.  The rationale supporting this difference in treatment is that where structural modifications have been undertaken to make a facility ADA compliant, the offending conduct has been permanently undone and therefore the alleged discrimination cannot reasonably be expected to recur.  *See Harty v. North Lauderdale Supermarket, Inc.*, 2015 WL 4638590, *4 (S.D. Fla. August 4, 2015) (citing cases).

### III.    Analysis

The Movants contend that they have remedied all of the violations alleged by the Plaintiff in her Complaint and now seek to have this case dismissed as moot.  In support of their motion, they attach the affidavit of Alisa Simoneaux (Doc. 16-1), who describes how, upon filing of the instant complaint, she and her husband began remediation efforts, including such things as replacing bathroom door hardware, lowering a paper towel dispenser, and adding an additional mirror in a bathroom.  Also attached to the motion is a report (Doc. 16-2) from David Goldfarb of ADA Compliance Specialists, Inc., who was hired by the Movants to inspect the restaurant.  In the report, which includes photos of the items that were added or altered in response to the instant

Complaint, Goldfarb asserts that Colonial Restaurant is now compliant with the 2010 standard of the ADA Design Guidelines. (Doc. 16-2 at 1).

In response, Wagner argues that the case is not moot, based on the three traditional factors to be considered in a voluntary cessation case. Wagner does not address the impact of the structural modifications, saying only that "due to continuing settlement negotiations," she has "not been afforded the formal Rule 34 inspection as required by" this Court's order. The Court cannot make a mootness determination until the Plaintiff has an opportunity to inspect the newly remediated premises. Accordingly, it is hereby

**ORDERED** that Plaintiff shall have until April 9, 2018, to perform an inspection of the Colonial Room Restaurant and notify the Court whether she agrees that the remediation has cured all of the ADA compliance issues raised in her Complaint. If she does not agree, the Plaintiff shall file an affidavit or other evidence supporting her position.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 9, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE